NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY ROSSER, | No. 12-55242 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-02203-MMA |
| v. | |
| MATTHEW CATE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Larry Rosser appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Rosser contends that there was no evidence to support the finding of the senior hearing officer that he was guilty of violating Cal. Code Regs. tit. 15, § 3006(a), and, therefore, subject to the loss of 181 days of sentence credit. We review de novo the district court's denial of Rosser's petition. *See Parker v. Small*, 665 F.3d 1143, 1147 (9th Cir. 2011) (per curiam). The finding that an altered razor blade was found in Rosser's cell constituted "some evidence" in support of the conclusion that Rosser was guilty of violating section 3006(a). *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Accordingly, the state court decision denying Rosser's claim was neither contrary to, nor based upon an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 409, 412-13 (2000).

We construe Rosser's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

Rosser's motion to take judicial notice, filed on July 9, 2012, is granted.

**AFFIRMED.**